IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DELICIA T. WILLIAMSON<br><br>    Plaintiff,<br><br>v.<br><br>BANK OF AMERICA, N.A.<br><br>    Defendant. | CIVIL FILE NO<br><br>Removed from the Superior Court of Clayton County, Georgia<br>Case No. 2014CV3194-9 |

## DEFENDANT'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1332, 1367, 1441, and 1446, Defendant Bank of America, N.A. (hereinafter, "BANA" or "Defendant"), by and through counsel, hereby files this Notice of Removal (the "Notice" or "Removal") seeking to remove this action from the Superior Court of Clayton County, Georgia to the United States District Court for the Northern District of Georgia, Atlanta Division. Removal is based upon diversity jurisdiction because Plaintiff Delicia T. Williamson ("Plaintiff") and Defendant have complete diversity of citizenship and the amount in controversy exceeds $75,000.00. In support of this Notice, Defendant states as follows:

I.      Background

1.      This case was originally filed by Plaintiff in the Superior Court of Clayton County, Georgia on July 28, 2014.[1]  Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders received by Defendant are attached as **Exhibit A**.

2.      BANA has not been served with a copy of Plaintiff's current Complaint.  Defendant reserves the right to raise any defenses related to improper service and/or improper service of process, see 28 U.S.C. § 1448 (defective or failed service prior to removal must be completed pursuant to Federal Rules of Civil Procedure after removal), and this Notice of Removal should not be construed as acceptance of service.

3.      Thus, in filing this Notice, BANA does not waive, and specifically reserves, any and all objections as to service, personal jurisdiction, defenses, exceptions, rights, and motions.

4.      Plaintiff's real property subject to the Complaint is known 12032 Red Ivy Lane, Fayetteville, Georgia 30215 (the "Property"). (Compl. ¶ 9).  Despite this

---

[1] This is not the first lawsuit Plaintiff has filed against BANA, nor is this the first time it has been before this Court.  Plaintiff previously filed suit against BANA in *Williamson v. Bank of America, N.A.*, Civil Action NO. 1:11-CV-1161-AT in which this Court granted BANA's motion for summary judgment on nearly identical claims.  A subsequent appeal of that matter was dismissed by the Eleventh Circuit.  Judicial notice of public records and other adjudicative facts "may be taken at any stage of the proceeding." Fed. R. Evid. 201(f); *see also Universal Express, Inc. v. United States SEC*, 177 Fed. Appx. 52, 53 (11th Cir. 2006) (stating that "[p]ublic records are among the permissible facts" of which a court may take judicial notice).

Court's prior ruling, Plaintiff appears to again contend that Defendant is attempting to improperly foreclose on the Property. (*See gen.* Compl.).

5. Although Plaintiff previously litigated similar claims over the course of more than two-and-a-half years, she now seeks damages and injunctive relief to which she is not entitled in an effort to further delay the inevitable result of her failure to make loan payments.[2]  Plaintiff seeks compensatory damages, punitive damages in excess of $75,000.00. (Compl., Prayer For Relief).

## II. This Notice of Removal is Timely Filed in the Proper Venue

6. This lawsuit is a civil action within the meaning of the Acts of Congress relating to removal of causes.

7. The removal of this action to this Court is timely under 28 U.S.C. § 1446(b) because BANA has not been properly served with a copy of the Complaint. Accordingly, the time period for responding to the Complaint and for filing for removal has not expired. See 28 U.S.C. § 1446(b)(2)(B).

8. The United States District Court for the Northern District of Georgia, Atlanta Division, is the proper place to file this Notice of Removal under 28 U.S.C.

---

[2] Despite the fact that these claims have already been adjudicated in Defendant's favor, Plaintiff sought a temporary restraining order from the Superior Court of Clayton County when she filed the Complaint. While the motion was initially denied, the matter was reassigned to another judge who restrained activity for thirty days following an *ex parte* hearing. (*See* Exhibit A). Said order expires by its own terms on September 4, 2014. There is currently a hearing scheduled for September 3, 2014; however, there is no pending sale to restrain at this time.

§ 1441(a) because it is the federal district court that embraces the place where the original action was filed and is pending. Despite

### III.     This Court Has Diversity Jurisdiction

9.     This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332 because Plaintiff and Defendant have complete diversity of citizenship and the amount in controversy exceeds $75,000.00, exclusive of interests and costs.  See 28 U.S.C. § 1332(a).

10.    Plaintiff resides in Clayton County, Georgia and is a citizen of the State of Georgia.  (Compl. ¶ 9).

11.    Defendant BANA is a national banking association organized under the laws of the United States.  It is a citizen of North Carolina because its articles of association establish that location as its main office. See 28 U.S.C. § 1348; Wachovia Bank v. Schmidt, 546 U.S. 303, 307, 126 S. Ct. 941, 945 (2006) ("[A] national bank, for § 1348 purposes, is a citizen of the State in which its main office, as set forth in its articles of association, is located."); see also Hill v. Bank of America Corp., No. 1:06-cv-00804-GET, 2006 WL 1518874, at *1 (N.D. Ga. May 30, 2006) ("Bank of America, N.A. . . . is a national banking association located in the State of North Carolina, as designated in its articles of association.") Accordingly, BANA is a citizen of North Carolina.

12.    Therefore, complete diversity of citizenship exists between Plaintiff

and Defendant.

13. Although Defendant denies that Plaintiff is entitled to recover any amount and specifically denies that Plaintiff is entitled to the relief in the various forms sought, the Complaint's allegations place in controversy more than $75,000.00, exclusive of interests and costs.  It is clear that the amount in controversy exceeds $75,000.00.  Plaintiff specifically requests compensatory damages of $100,939.00, punitive damages of $75,000.00. (Compl., Prayer For Relief).

14. In sum, this Court has diversity jurisdiction in this action because (i) there is complete diversity of citizenship between the properly joined parties, and (ii) an amount in excess of the $75,000.00 jurisdictional threshold is at issue. Accordingly, as the state court lawsuit is pending in the Superior Court of Clayton County, Georgia, Defendant is entitled, pursuant to 28 U.S.C. § 1441(a), to remove this action to the United States District Court for the Northern District of Georgia, Atlanta Division.

### IV. Notice of Removal to the Superior Court of Gwinnett County, Georgia

15. Concurrently with this Notice, Defendant will file a copy of this Notice with the Superior Court of Clayton County, Georgia.

WHEREFORE, Defendant files this Notice of Removal and removes the civil action to the United States District Court for the Northern District of Georgia, Atlanta Division.

This 2nd day of September, 2014.

        /s/ Jarrod S. Mendel
Jarrod S. Mendel
Andrew G. Phillips
McGuireWoods LLP
1230 Peachtree Street, NE
Promenade II, Suite 2100
Atlanta, Georgia  30309-3534
(404) 443-5713 (Telephone)
(404) 443-5773 (Facsimile)
jmendel@mcguirewoods.com
*Attorney for Bank of America, N.A.*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DELICIA T. WILLIAMSON<br><br>   Plaintiff,<br><br>v.<br><br>BANK OF AMERICA, N.A.<br><br>   Defendant. | CIVIL FILE NO<br><br>Removed from the Superior Court of Clayton County, Georgia<br>Case No. 2014CV3194-9 |

## CERTIFICATE OF SERVICE, FONT AND MARGINS

I hereby certify that on September 2, 2014, I electronically filed the foregoing *Defendant's Notice of Removal* with the Clerk of the Court using the CM/ECF System, which sent notification of such filing to all counsel of record, and served a true and correct copy of same on *Pro Se* Plaintiff via First-Class Mail, postage prepaid, addressed to:

Delicia T. Williamson
12032 Red Ivy Lane
Fayetteville, GA 30215

I further certify that I prepared this document in 14 point Times New Roman font and complied with the margin and type requirements of this Court.

/s/ Jarrod S. Mendel
Jarrod S. Mendel