# EXHIBIT A

*my copy*

## IN THE SUPERIOR COURT OF CLAYTON COUNTY
## STATE OF GEORGIA

FILED

2014 JUL 28  AM 9: 50

JACQUELINE D. WILLS
CLERK SUPERIOR COURT

**DELICIA T. WILLIAMSON,**  :

Plaintiff,  :

vs.  :

**BANK OF AMERICA, N.A.,**  :

Defendant.  :

**CASE ACTION NUMBER**

_2014CV0 3194-6_

---

## COMPLAINT FOR DAMAGES FOR WRONGFUL FORECLOSURE and VERIFIED COMPLAINT FOR EMERGENCY INJUNCTIVE RELIEF

**COMES NOW, Plaintiff, Delicia T. Williamson** and hereby files this Complaint for Damages for Wrongful Foreclosure Procedures and Processes directed toward a Federally Related Mortgage Loan and Injunctive Relief for Wrongful Foreclosure Procedures and Processes directed toward a Federally Related Mortgage Loan showing the following:

### INTRODUCTION

### 1.

This matter comes before the Court on Plaintiff, Delicia T. Williamson (hereinafter Plaintiff) **Complaint for Wrongful Foreclosure** resulting from the effect as shown by the evidence of the Defendant's misconduct which caused the Intentional Infringement, Trespass and Violations of Plaintiff's Property Rights via

1

Wrongful Foreclosure Processes commenced in contrary to and in violations of the controlling and governing Federal and State Laws affording and providing legal protections regarding the processes involved in the foreclosure of a Conventional with PMI Insurance Coverage, Federally Related Mortgage Loan.

**2.**

The gravamen of the Plaintiffs' Complaint is that the "foreclosing party" is without legal authority to commence a foreclosure sale and the "foreclosing party" failure to comply with required legal processes and procedures in the Commencement of Foreclosure Procedures upon Plaintiff's "Federally Related Mortgage Loan", where Bank of America, N.A., in the role of the alleged and a very questionable real party of interests as the "foreclosing party", and where at the time the alleged "foreclosing party" Commencement of Foreclosure Processes, the alleged and very questionable real party of interests "foreclosing party" did not possess any legal authority or legal right to Commence any Foreclosure Processes against Plaintiff's federally related mortgage loan reasoned upon the fact that the foreclosing party's identity as a real party in interest as the "secured creditors" has not been established by the foreclosing documents as required by law, and where such failures exists, the foreclosing party failed to commence, follow and proceed with such foreclosure processes in accordance with the governing federal foreclosure codes and controlling statutory provisions the "foreclosing party" is without legal authority to commence a foreclosure sale.

**3.**

Plaintiff further contends that the wrongful foreclosure process commenced by Bank of America, N.A., which is now, and as previously commenced in year 2011, predicated on the deprivation of the legal protections afforded by applicable and controlling Federal Foreclosure Laws, i.e., the Federal Foreclosure Statutory

2

Scheme relative to foreclosure of a federally related mortgage loan, as well as the protections afforded by Georgia Foreclosure Laws.

**4.**

Plaintiff also seeks Injunctive Relief as shown in Plaintiff's Complaint for Injunctive Relief which is attached hereto and contemporaneously served and filed to prevent irreparable Damages to Plaintiff's Property Rights and Plaintiff's Real Property as a direct result of Defendants' Intentional Breach of Statutory Duty, and Defendants' Intentional Wrongful Foreclosure on Plaintiff's Promissory Note secured by the Real Property at issue.

**5.**

The foreclosing party failures to properly commence such foreclosure processes in accordance with the governing Federal and State Laws, inclusive of foreclosure codes and foreclosure statutory provisions is a violation of Plaintiff's "clearly established" constitutional and statutory rights, i.e., legally protected rights, supports Plaintiff's wrongful foreclosure claims.

**6.**

Plaintiff avers that Defendant's violations of the Federal and State Laws Wrongful Foreclosure Processes further constitutes an Intentional Abuse of said Federal and State Laws Foreclosure Processes which resulted in the Intentional Breach The Terms of Plaintiff's Federally Related Mortgage Contract, Intentional Breach of Statutory Duties, Obligations and Responsibilities, Intentional Tortious Interference with the operations of Plaintiff's Mortgage Contract, which said aforementioned misconduct ultimately manifested into the Defendant Intentionally Attempting a Wrongful Foreclosure Sale of the Plaintiff's Real Property.

**7.**

In this instant case, Plaintiff seeks a judicial investigation to determine the state of affairs and legal status of the alleged "foreclosure" of Plaintiff's Federally Related Mortgage Loan and to determine the legal effects of the numerous violations committed by the Defendant in regards to the Defendant's disregard of the legally protected rights belonging to the Plaintiff, relative to said wrongful foreclosure processes levied against Plaintiff's Federally Related Mortgage Loan and the incorporated "Property and Property Rights" embedded within the Federally Related Mortgage Loan.

## JURISDICTION

**8.**

Jurisdiction is conferred by statutory laws relative to the determination for Title of Ownership and Legal Interests of the parties' relationship to the real property and property interests in respect to where the location of the real property is located which happens to be in Clayton County, Georgia. Venue for Plaintiff's Wrongful Foreclosure Claims against the Defendants and Prayers for Injunctive Relief is proper in county where land is located.

## The Parties

**9.**

Plaintiff, is of majority age, is a resident of the State of Georgia residing in her home known as 12032 Red Ivy Lane, Fayetteville, Georgia 30215 and is subject to the jurisdiction of this Court.

**10.**

Defendant, Bank of America, N.A. is a Corporate Business and a Member of the FDIC that conducts and continues banking business in the State of Georgia and

4

in Fulton County, Georgia, and therefore are subject to the jurisdiction of this Court. Defendant Bank of America, N.A. is also designated as the alleged "Creditor" and the "foreclosing party" that commenced the foreclosure processes against Plaintiffs real property and property interests in this civil action.

## Service of Process of Opposing Parties

### 11.

Bank of America, N.A. Principal Office Address is 401 N. TRYON ST, NC1-021-02-20, CHARLOTTE, N.C. 28255-000, and Bank of America maybe served with Service of Process, with the Complaint and Summons at the following address per Secretary of State of Georgia:

Bank of America Registered Agent:
Agent Name: CT CORPORATION SYSTEM/SHAKINAH EDWARDS
Office Address: 1201 Peachtree Street, N.E., ATLANTA GA 30361
Agent County: FULTON, Georgia.

### 12.

Plaintiff delivered to all opposing Parties NOTICE OF LAWSUIT AND REQUEST FOR WAIVER OF SERVICE OF SUMMONS, WAIVER OF SERVICE OF SUMMONS, NOTICE OF DUTY TO AVOID UNNECESSARY COSTS OF SERVICE OF SUMMONS, and ACKNOWLEDGMENT OF SERVICE pursuant to O.C.G.A. § 9-11-4 (d) (1) (2) (A) (i) (ii) (B) (i) (ii) (3) (A) (B) (C) (D) (E) (F) (G) (4) (5) (6) (7) Waiver of service and O.C.G.A. § 9-10-73 Acknowledgment of service or waiver of process attached hereto.

## The Real Property Involved

### 13.

5

The Property Interests and Real Property under an unjust attack has been subjected to wrongful foreclosure proceedings and requires the legal protections of the Court is located and known as: the Real Property and Premises known as 12032 Red Ivy Lane, Fayetteville, Georgia 30215.

### 14.

# PLAINTIFF'S CAUSE OF ACTION
## (Case-in-Chief)

### I. Wrongful Foreclosure Claim:

### 15.

Whether or not a foreclosure proceeds through court (a judicial foreclosure) or bypasses court (a non-judicial one), Plaintiff have the right to raise objections to it in front of a judge.

### 16.

The crux of the Plaintiff's Complaint is that the Defendant's failure to comply with required legal processes and procedures in the Commencement of Foreclosure upon her federally related mortgage loan. At the time Bank of America, N.A. Commencement of Foreclosure processes, as indicated by the lack of evidence, the Defendant Bank did not possess the legal authority or legal right to Commence any Foreclosure against Plaintiff's federally related mortgage loan due to the Bank's absence of legal interests and the Bank's failures to commence such foreclosure in accordance with the governing federal foreclosure codes and statutory.

### 17.

Because every foreclosure means that someone loses a home, many courts require the foreclosing party to strictly follow state law and respect the terms of the

mortgage or deed of trust. However, as previously mentioned, one relevant statute will be found in one section of the law while a closely related one will appear elsewhere, such as in the case as when a mortgage transaction falls under what is termed a federally related mortgage loan. Under such a circumstance, federal statutes and mandate are called into the equation of determining the proper course of action that maybe undertaken by the foreclosing party.

### 18.

When attempting to foreclose on real property, the "lender" must comply not just with state's laws and the terms of your deed of trust, the "lender" must also comply with the due process requirements of the United States Constitution, Georgia Constitution, as well as Federal and State Laws applicable under the circumstances associated with the alleged events.

### 19.

Plaintiff contends that this instant action is such a case where state and federal statutes and their mandates are called into the equation of determining the proper course of action that maybe undertaken by the "foreclosing party".

### 20.

On or about **July 12, 2014**, Plaintiff was made aware by several unsolicited mailings by several unassociated lawyers and law firms with Defendant, that Defendant had initiated advertisement in the Clayton County News Daily, the designated Legal Organ for Clayton County, Georgia, which purported that Defendant has commenced a Foreclosure Sale under and by virtue of the Power of Sale contained in a Deed to Secure Debt given by Delicia T. Williamson to

7

America's Wholesale Lender as last assigned to Bank of America, N.A., successor by Merger to BAC Home Loans Servicing, L.P., f/k/a, Countrywide Home Loans Servicing L.P., by assignment, conveying the after-described property to secure a Note.

## 21.

Defendant's advertisement further stated that the real property, known as 12032 Red Ivy Lane, Fayetteville, Georgia 30215 will be sold to the highest bidder for cash at public outcry on the first Tuesday, i.e., August 05, in August, 2014.

## 22.

Plaintiff obtained a copy of the Clayton County Daily Newspaper which purported to commence the subject Foreclosure Sale which Plaintiff discovered that the Defendant's public advertisement was initiated on **July 11, 2014** and was to continue through the time period of **July 18**, **July 25**, and **August 01, 2014**.

## 23.

Subsequent to the Defendant's **July 11, 2014** public advertisement, on **July 16, 2014**, BAC Home Loans forwarded a "Account Statement" evincing that Plaintiff's Mortgage Account reflected an "amount due" which shows that the entire debt, as of **July 16, 2014**, had not been accelerated.

## 24.

Furthermore, the **July 16, 2014**, BAC Home Loans "Account Statement" explicitly instructed Plaintiff not to send the stated amount due. Moreover, the **July 16, 2014**, BAC Home Loans "Account Statement" does not reflect that BAC Home Loans or Bank of America, N.A. sought the entire amounts due on the Mortgage Loan to be immediately due and payable.

## 25.

However, as of **July 29, 2014** Defendant has failed to comply with the provisions under **O.G.C.A. § 44-14-162.2**, Sales made on foreclosure procedures under power of sale - Mailing or delivery of notice to debtor requirements.

## 26.

Furthermore, as of **July 29, 2014** Defendant has failed to comply with the provisions under **O.G.C.A. §44-14-162.3**, Sales made on foreclosure under power of sale – Mailing of notice to debtor.

## 27.

Moreover, as of **July 29, 2014**, Property Owner was not given adequate or legally sufficient due notice of Foreclosure Sale proceedings.

## 28.

Moreover, as of **July 29, 2014**, there is no evidence that any property interest was legally or properly transferred to Defendant Bank.

## 29.

In the state of Georgia only a "SECURED" CREDITOR may advertise and conduct a "non-judicial" foreclosure.  That means that the following conditions have to be met: the entity attempting to foreclose has to hold:

1) the original wet-ink promissory note (indebtedness) -- the "CREDITOR", AND ;

2) the deed to secure debt;

3) all assignments - in sequence - of the deed to secure debt (Assignment of Security Deed).

## 30.

A creditor, under the provisions of O.C.G.A. § 7-6A-2(6) shall not include: (A) a servicer; (B) an assignee; (C) a purchaser; or (D) any state or local housing finance agency or any other state or local governmental or quasi-governmental entity.

## A. Defendant's Failure to Deliver Power of Sale Notice Requirements

## 31.

Prior to initiating a foreclosure, the lender must send a demand letter requesting the payment of all past due amounts, which gives the borrower ten (10) days to pay these amounts otherwise foreclosure proceedings will begin.

## 32.

**Plaintiff contends that the Defendant failed to exercise the required demand letter requesting the payment of all past due amounts.**

## 33.

The "lender" must then publish the notice of the scheduled foreclosure sale in the county newspaper in which the property is located for four (4) consecutive weeks before the sale (O.C.G.A. § 9-13-141) The borrower must also receive by certified mail notice at least thirty (30) days before the date of the proposed sale (O.C.G.A. § 44-14-162.2).

## 34.

**Plaintiff contends that the Defendant failed to exercise the due notice as required to certified mail notice at least thirty (30) days before the date of the proposed sale provisions under O.C.G.A. § 44-14-162.2 and O.C.G.A. § 44-14-162.3.**

### 35.

A wrongful foreclosure action will lie against the mortgagee in tort for the difference between the market value of the land and the amount of the debt if the foreclosure sale was unauthorized or without right.

### 36.

The mortgagor is not required to assert equitable grounds to avoid the foreclosure if the "mortgagee" had no authority to sell, such as where there was no default or the "foreclosing party" does not possess legal standing. In this case, the mortgagor may sue pursuant to O.C.G.A. 1-3-3(20) where a civil trespass is a violation of a property owner's right to maintain exclusive control over their property.

### 37.

"Trespass" means any misfeasance, transgression, or offense which damages another's health, reputation, or **property**. Plaintiff's claim of trespass against the Defendant is warranted where a Trespass to Try Title is pursuant to the evidence that the "Trustee's Deed", whether it is a Deed to Secure Debt or a Deed of Trust is legally unenforceable and therefore void of any legal authority or effect.

### 38.

The Courts, Federal and State, defines a trespass as an intentional invasion of the Plaintiff's control and possession of "property" is of itself a tort, and liability follows unless the Defendant shows a privilege.

### 39.

Plaintiff's theory regarding the Trespass Claim is a cause of action within the case because its purpose is to protect the Plaintiff's legal rights and prevent

11

invasion of Plaintiff's legal rights. Of course, Plaintiff contends that Defendant had no such privilege or legal right when the Defendant commenced foreclosure processes against Plaintiff's Property Rights incorporated within Plaintiff's Promissory Note and Deed to Secure Debt.

## 40.

The Defendant is now again seeking the Sale, without legal authority or right, of the Real Property belonging and Titled to Plaintiff.

## 41.

Although Plaintiff has disputed any alleged Default, and that any Default claimed by Defendant Bank has not and was not shown to be mathematically calculated, yet the Defendant Bank still communicated false credit and financial information to others and failed to communicate that the debt was disputed, when any alleged debt owing to Defendant Bank was and remains disputed. As such Defendant Bank conduct constitutes a violation of 15 USC 1692 (8).

## 42.

Defendant engaged in unfair and deceptive means and attempts to collect the alleged debt in violation of 15 USC 1692 (f). Defendant attempted to collect the alleged debt in a manner and amount not authorized by the original MORTGAGE and Note in violation of 15 USC 1692(f) (1). Defendant threatened, via Foreclosure Proceedings to unlawfully repossess the Plaintiff's "property" in violation of 15 USC 1692(f) (8).

**43.**

Furthermore, the Defendant made statements that have the effect of disparaging the Plaintiff's title to property. Plaintiff has incurred special damage as a result of Defendant's disparaging statements regarding title to Plaintiff's property, real and otherwise.

**44.**

The Defendant Bank has no legally enforceable claim, interest or standing or title to the subject real property should be quieted under Georgia law.

**45.**

Plaintiff remains the rightful owner of the subject Real Property. Plaintiff is the legal titleholder of the Real Property. The Defendant have knowingly and unlawfully caused a "cloud" to be recorded against the Plaintiff's title of the property and have failed to send requisites Notices of Default and Notices of Foreclosure, Notices of Foreclosure Sale to Plaintiff and have served and published documents and information that falsely claim an interest in the Property of the Plaintiff.

**46.**

Because of said wrongful publication of an ownership interest in the property of the Plaintiff, Plaintiff have incurred damages, expenses and costs related to this litigation, in an amount to be proven upon a proper investigation of the facts.

**47.**

Plaintiff is of the belief that in "Non-judicial Foreclosure" States, such as The State of Georgia, the only thing allowed to be challenged is **Legal Standing of the Foreclosing Party** to enforce the **Terms of the Mortgage Contract** and the

13

mathematical calculations and determination showing an actual **Default of the Promissory Note.**

### 48.

Plaintiff is also with the understanding that the identity of the actual and legally recognized secured creditor or the "foreclosing party" and/or any amount of the Debt that is shown to be in dispute, albeit, the Plaintiff's legal premise in regards to the identity and legal standing of the actual and legal secured creditor and what is legally due to the actual and legal secured creditor, and/or the "disputed amount" allegedly owed and due is of paramount concerns.

### 49.

Plaintiff contends that the unresolved "disputed identity" and/or "disputed amount" alleged to be owed and due to the alleged foreclosing party's presents a questionable legal standing of the foreclosing party to enforce foreclosure processes, as such, any "disputed amounts" cannot legally nor rightfully be attributed to a Default of the Promissory Note unless and until the foreclosing party's legal standing and the disputed amounts due to the secured creditor or the "foreclosing party" has been fully resolved.
**Plaintiff is entitled to judgment on these grounds.**

### 50.

### B. The "Merger" Issue.

### 51.

The Plaintiff's theory addressing the "merger" effect, i.e., property interests transferred by "merger" where the Defendant property interests, as claimed to have

been transferred by any purported Federal Banking Regulation as prescribed in 12

U.S. Code § 215a (c), or State Banking Regulations as prescribed under O.C.G.A.

§ 7-1-536 (c)is unsupported as a matter of law. Is BAC Home Loan Servicing, LP

("BACHLS") a Bank or Bank Association? If the answer is no, then Plaintiff's

Complaint is justified and warrants its bringing before the Court for adjudication.

### 52.

Defendant claims interest in the subject real property by virtue of a Deed to

Secure Debt given by Delicia T. Williamson to America's Wholesale Lender as

last assigned to Bank of America, N.A., *"successor by Merger"* to BAC Home

Loans Servicing, L.P., f/k/a, Countrywide Home Loans Servicing L.P., by

assignment, conveying the after-described property to secure a Note.

### 53.

On April 27, 2009, Countrywide Home Loans Servicing L.P. merged into

Bank of America Corporation. On July 01, 2011, Bank of America Corporation

Home Loan Servicing, i.e., BAC Home Loan Servicing, LP ("BACHLS"), a non-

bank entity, merged with Bank of America, National Association, where Bank of

America, N.A. being a National Bank, as opposed to Bank of America Corporation

(BAC), also a non-bank entity being the parent company of both Bank of America,

N.A., and BAC Home Loan Servicing, LP ("BACHLS").

### 54.

15

The Defendant's public advertisement is absent any averment that America's Wholesale Lender assigned its rights under the Note or Security Deed to any Bank such as Countrywide Bank, FSB ("Countrywide Federal Saving Bank").

### 55.

Thus, because under the attendant facts and circumstances where the Promissory Note is absent any date showing when it was endorsed and transferred, the "Allonge", if necessitated, being authenticated and endorsed and where each evinces legal defects of a transfer of interests. Any relied upon Federal or State Bank Regulatory Scheme does not control or effect the operational aspects relative to the legal effects of a transfer by "merger" which is inapplicable under Federal or State Bank Regulatory Scheme because those Regulations does not transfer any property interest from a non- Bank to the Federally Chartered Bank of America, N.A.

### 56.

Neither 12 U.S. Code § 215a (e) or O.C.G.A. § 7-1-536 (c) provides for, nor gives any merger authority and no legal effects of a merger, such as a transfer of interest of property from any non- Bank or any non- Bank Association entity such as BAC Home Loan Servicing, LP ("BACHLS"), that is a non- Bank or a non- Bank Association to Bank of America, N.A. that is a Bank or Bank Association.

### 57.

Plaintiff alleges that the Defendant attempted to conduct the  August 2014

Foreclosure Sale, despite knowing of inaccuracies of alleged transfer of Interests,

and the knowing of inaccuracies in the published foreclosure advertisements, "can

be described as extreme, outrageous, atrocious, intolerable or beyond the bounds of

decency" if perceived from the viewpoint that the Defendants knew that the

Defendant Bank did not possess any legal interests in the Plaintiff's real property

or rights to initiate and pursue any foreclosure procedures against the Plaintiffs'

real property or property rights.

## 58.

Plaintiff contends that such information, relative to 12 U.S. Code § 215a (e)

or O.C.G.A. § 7-1-536 (c) provides more than sufficient evidence that Bank of

America, N.A. could not have acquired any legitimate property interest to

Plaintiff's Promissory Note or Deed to Secure Debt prior to the initiation of the

foreclosure sale processes, and therefore, Bank of America, N.A. lacked legal

standing and therefore was not authorized to commence foreclosure sale

procedures initiated against Plaintiff's federally related mortgage loan. Defendant

Bank is liable to Plaintiff and Plaintiff entitled to judgment in favor of Plaintiffs on

these ground.

## 59.

17

Defendant's conduct is not consistent with the duty of good faith performance and right of legal enforcement as that duty has evolved through its incorporation into the *Restatement (Second) of Contracts* and the Uniform Commercial Code.

**60.**

Plaintiff contends that any purported transfer of any interest in Plaintiff's real estate to Defendant Bank is wrongfully acquired and invalid because there is a lack of evidence showing any legally recognized endorsements, assignments, transfers, foreclosures or purported foreclosures. Defendant's merger claims were invalid because such were not conducted nor executed in accordance with the Federal laws and laws of the State of Georgia.

**61.**

The Defendant knew or should have known that any such undocumented transfers were wrongful and invalid and the publication of an ownership interest in the property is, therefore false. Because of said wrongful publication of an ownership interest in the property, Plaintiff have incurred damages and w/costs related to this litigation, in an amount to be proven at trial.

**Plaintiff is entitled to judgment on these grounds.**

18

## PLAINTIFFS' VERIFIED COMPLAINT FOR EMERGENCY TEMPORARY AND PERMANENT INJUNCTIVE

### 62.

Plaintiff reaffirms and re-alleges paragraphs 01 through 61 of Plaintiff's Complaint for Damages for Wrongful foreclosure and grounded upon the legal premises therein seeks emergency injunctive relief as is set forth more fully herein below.

### 63.

This is primarily a wrongful foreclosure action that also advances Objections to the foreclosure sale with the Court and seeks Emergency Temporary and Permanent Injunctive Relief which is brought pursuant to O.G.C.A. § 9-5-1 and § 9-5-3, and on an emergency basis without notice pursuant to O .G.C.A. § 9-11-65(b).

### 64.

Plaintiff delivered to all opposing Parties NOTICE OF LAWSUIT AND REQUEST FOR WAIVER OF SERVICE OF SUMMONS, WAIVER OF SERVICE OF SUMMONS, NOTICE OF DUTY TO AVOID UNNECESSARY COSTS OF SERVICE OF SUMMONS, and  ACKNOWLEDGMENT OF SERVICE  pursuant to O.C.G.A. § 9-11-4 (d) (1) (2) (A) (i) (ii) (B) (i) (ii) (3) (A)

19

(B) (C) (D) (E) (F) (G) (4) (5) (6) (7) Waiver of service and O.C.G.A. § 9-10-73

Acknowledgment of service or waiver of process attached hereto.


## 65.

Under the foregoing circumstances as advanced herein Plaintiff's Complaint

and considering the Cited Statutory Provisions of O.C.G.A. § 9-11-4 (d) et .seq.,

and the subsequent Statutory Provisions O.C.G.A. § 9-5-1 and O.C.G.A. § 9-9-3(b)

as applied to those circumstances, Plaintiff request that an Immediate, however

Temporary Injunction be issued prior against the Foreclosure Sale scheduled to

occur the first Tuesday of August 2014 and/or until at least one the of the Party

Defendant demonstrates compliance or violate the provisions relative to O.C.G.A.

§ 9-11-4 (d) (1) (2) (A) (i) (ii) (B) (i) (ii) (3) (A) (B) (C) (D) (E) (F) (G) (4) (5) (6)

(7) Waiver of service and O.C.G.A. § 9-10-73 Acknowledgment of service or

waiver of process.


## 66.

O.C.G.A. § 9-5-1 provides that equity, by writ of injunction, may restrain

any act of a private individual or corporation which is illegal or contrary to equity

and good conscience and for which no adequate remedy is provided at law.


## 67.

O.C.G.A. § 9-9-3(b) provides that Writs of Injunction which may be issued by the Superior Courts to enjoin even the lower court's proceedings at any time in any proper case made by application for injunction.

**68.**

**Injunctions to Restrain Unlawful Wrongful Sale Under Power:**

**69.**

It is possible to enjoin a sale under power of sale in certain cases. For example, grounds justifying an injunction may exist where the mortgagee has agreed to postpone the sale or, as in this instance, **where the recovery of a debt is barred by limitations**.

**70.**

Plaintiff has a clear legal right to seek temporary and permanent injunctive relief as Plaintiff resides in the Property and as Defendants are seeking, through illegal and unlawful means and without satisfying the necessary legal standing requirements to foreseeably institute a foreclosure sale, as well as the foreseeable dispossessory action, take possession, custody, and control of the Property, ultimately remove the Plaintiff and her family from their home and foreseeably seek a deficiency judgment against Plaintiff.

**71.**

Plaintiff has no other adequate remedy at law to redress the imminent harm

complained of, and the illegal sale of the Plaintiff's real property which the

Plaintiff believe to be contrary to equity and good conscience in that such sale is

being instituted by parties who have no legal standing to institute or maintain the

foreclosure ab initio! Accordingly, the same should be enjoined.

### 72.

O.G.C.A. § 9-11-65 (1) and (2) provide that a temporary restraining order

may be granted without oral or written notice to the adverse party if it clearly

appears from the specific facts shown by verified complaint that immediate and

irreparable injury, loss, or damage will result to the applicant before the adverse

party or his attorney can be heard in opposition, and that the applicant's attorney

certifies to the court in writing, the efforts, if any, which have been made to give

the notice and the reasons supporting the party's claim that notice should not be

required.

### 73.

The specific facts set forth in this Verified Complaint demonstrate that

unless a temporary injunction against the sale under power scheduled for the first

Tuesday in August 2014 is not granted, Plaintiff and Plaintiff's children will suffer

the irreparable injury, loss, and damage of the loss of their home and imminent

eviction therefrom. The requisite certification pursuant to O.G.C.A. § 9-11-65(b)

(2) is set forth following the Verification of this Complaint by the Plaintiff.

### 74.

As Defendants Bank has no legal standing to initiate or maintain a

foreclosure sale processes against Plaintiff's "Property" and "Property Interests",

there is no harm to said Defendant with the granting of the requested relief, and

any claimed harm is substantially outweighed by the irreparable harm to the

Plaintiff if the relief requested herein is not granted. Plaintiff has substantial equity

in the property.

### 75.

The granting of the relief requested herein is in the public interest, as the

consuming public, including this Plaintiff, will continue to be harmed by the illegal

and unlawful conduct of the Defendant if the relief requested and prayed for herein

is not granted, whereby local property values will decline and investments held by

local government and pension funds are affected by the actions of misdeed

attributed to the Defendant.

### 76.

Under the circumstances where there is no harm to Defendant with the

granting of the requested relief, no bond should be required as a prerequisite to the

granting of the relief requested herein as there are no costs or other damages which

could be contemplated on the part of Defendant with the granting of the requested

relief for which a bond would otherwise be necessary. The cumulative effect of the

Defendant's actions is to unnecessarily lower property values in Fulton County,

create more debt for the federal government and lower market values of federally

managed corporations.

### IN CONCLUSION

**WHEREFORE, Plaintiff, Delicia Williamson, DEMANDS and Prays for**

**EMERGENCY INJUNCTIVE RELIEF** in the form where this Court issues an

appropriate JUDGMENT and ORDER granting Plaintiff the Injunctive Relief

against the sale under power scheduled for the first Tuesday on **August 05, 2014**

and upon good cause and evidence to grant Plaintiff's prayers for Temporary and

Permanent Injunctive Relief where a "defendant" is allowed more time to answer

than if the summons had been actually served when the request for waiver of

service was received.


**WHEREFORE,** Plaintiff Demands and Prays for Relief that this Court

issues an appropriate JUDGMENT and ORDER where Plaintiff also prays that this

Court consider and grant Plaintiffs' Prayers because the overwhelming evidence,

when applied to the applicable laws, provides for recovery of those injuries in the

24

nature of those set forth within Plaintiff's Pleadings in Support of their Complaint, to wit:

Plaintiff DEMANDS that she have verdict and judgment in the sums of amount not less than $100,939.00 in Actual and Compensatory Damages, and $ 75,000.00 in Punitive Damages and Prays for Relief as follows:

(a) that the Court rule that the Notice of Sale Under Power is being improperly executed in a manner which renders it legally defective and precluded from enforcement which constitute a wrongful foreclosure;

(b) that the Court to issue a Rule Nisi prior to the first Tuesday in August 2014, affording Defendant the opportunity to show why the Prayers of the Plaintiff for Immediate Interlocutory Injunction should not be granted. Plaintiff seeks and prays for the immediate issuance of a Temporary and Permanent Injunction against the sale under power scheduled for the first Tuesday in August 2014, which will preclude any sale  or dispossessory action regarding Plaintiff's property or any other disposition of the subject property;

(c) that the Court award Actual and Compensatory Damages due to the Defendant's misconduct constituting wrongful foreclosure, willful and deliberate

25

trespass upon Williamson's property in the sums of amounts not less than $100,939.00;

(d) that the Court award Punitive Damages under O.C.G.A. § 51-12-5.1 Damages measured by "The Resulting Effect of the Economical / Financial Losses" which are relative to Non- Economical / Financial Losses such as: being Deprived of an Opportunity which constitutes a Trespass or a Transgression which effects unjustly diminishes Williamson's and her family ability to defend their "wellbeing, without being subjected to another's will at their undue expense" in the sums of amounts not less than $75,000.00;

(e) that the Plaintiff recover her costs and expenses for the bringing of this civil action, and;

(f) that Plaintiff be permitted to amend this Plaintiff's Complaint upon a showing of good cause from any and all additional evidence revealed as a result of this judicial investigation;

(g) for a total sum of amounts not less than $ 175, 939.00, and such other or further relief as this Court deems necessary, just and proper.

This _28th_ day of _July_, 2014.

Delicia T. Williamson
Plaintiff-pro-se

26

## VERIFICATION
## GEORGIA

_Clayton_ **County**

    Personally appeared before the undersigned, a Notary Public in and for the said state and county, **Delicia T. Williamson,** who first being duly sworn deposes and says on oath that he is the defendant in the above-captioned cause; that he has read the foregoing petition and knows the contents thereof and that the statements and allegations contained therein are true and correct to the best of his knowledge and belief.

**Delicia T. Williamson**
Plaintiff, Pro se

Sworn to and subscribed before me,
this _28_ day of _July_ , 2014.
Notary Public, _Fulton_ County, Georgia
My commission expires _April 24, 2016_ .
(SEAL)

27

## IN THE SUPERIOR COURT OF CLAYTON COUNTY
## STATE OF GEORGIA

**DELICIA T. WILLIAMSON**          :

        Plaintiff                           :

**vs.**

**BANK OF AMERICA, N.A.**          :

        Defendant                         :

**CASE ACTION NUMBER**

_____

---

## NOTICE OF LAWSUIT AND REQUEST FOR WAIVER OF FORMAL SERVICE OF SUMMONS AND COMPLAINT

*TO:* **BANK OF AMERICA, N.A.**

A lawsuit has been commenced against you (or the entity on whose behalf you are addressed). A copy of the complaint is attached to this notice. The complaint has been filed in the Superior Court for the State of Georgia in and for the County of Clayton and has been assigned. _____.

This is not a formal summons or notification from the court, but rather my request pursuant to Code Section 9-11-4 of the Official Code of Georgia Annotated that you sign and return the enclosed Waiver of Service in order to save the cost of serving you with a judicial summons and an additional copy of the complaint. The cost of service will be avoided if I receive a signed copy of the waiver within 30 days (or 60 days if located outside any judicial district of the United States) after the date designated below as the date on which this Notice of Lawsuit and Request for Waiver of Service of Summons is sent. I enclose a stamped and addressed

28

envelope (or other means of cost-free return) for your use. An extra copy of the Waiver of Service is also attached for your records. YOU ARE ENTITLED TO CONSULT WITH YOUR ATTORNEY REGARDING THIS MATTER.

If you comply with this request and return the signed Waiver of Service, the waiver will be filed with the court and no summons will be served on you. The action will then proceed as if you had been served on the date the waiver is filed except that you will not be obligated to answer or otherwise respond to the complaint within 60 days from the date designated below as the date on which this notice is sent (or within 90 days from that date if your address is not in any judicial district of the United States).

If you do not return the signed waiver within the time indicated, I will take appropriate steps to effect formal service in a manner authorized by the Georgia Rules of Civil Procedure and then, to the extent authorized by those rules, I will ask the court to require you (or the party on whose behalf you are addressed) to pay the full cost of such service. In that connection, please read the statement concerning the duty of parties to avoid unnecessary costs of service of summons, which is set forth on the Notice of Duty to Avoid Unnecessary Costs of Service of Summons enclosed herein.

## IN THE SUPERIOR COURT OF CLAYTON COUNTY
## STATE OF GEORGIA

**DELICIA T. WILLIAMSON**          :

                                  **CASE ACTION NUMBER**

    Plaintiff          :          _____

**vs.**

**BANK OF AMERICA, N.A.**          :

    Defendant          :

_____

## <u>ACKNOWLEDGMENT OF SERVICE</u>

Due and legal service of the Complaint, Summons, and Request for Waiver in the above-stated case is hereby acknowledged. Copy received and all other and further service and notice of the Complaint and Summons is waived.

Notice of the Complaint, Summons and Request for Waiver is Served upon Defendant at the following Address:

Bank of America Registered Agent:
Agent Name: CT CORPORATION SYSTEM
Office Address: 1201 Peachtree Street, N.E., ATLANTA GA 30361.
Agent County: FULTON.


Bank of America, N.A.
401 N. TRYON ST, NC1-021-02-20,
CHARLOTTE, N.C. 28255-000
    **This _____ day of _____, 2014.**

                       _____

                       Defendant or (Registered Agent)
                       Bank of America, N.A.
                       401 N. TRYON ST, NC1-021-02-20,
                       CHARLOTTE, N.C. 28255-000

30

## IN THE SUPERIOR COURT OF CLAYTON COUNTY
## STATE OF GEORGIA

**DELICIA T. WILLIAMSON**          :

      Plaintiff          :          **CASE ACTION NUMBER**
                                    *2014 CV03194-6*

      vs.

**BANK OF AMERICA, N.A.**          :

      Defendant          :

To the above-named Defendant Bank of America, N.A.:

### <u>SUMMONS</u>

You are hereby Summoned and required to file with the clerk of said court and to serve upon, Plaintiff pro-se, whose address is: 12032 Red Ivy Lane, Fayetteville, Georgia 30215, an Answer to the Complaint which is herewith served upon you, within thirty (30) days after service of this Summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

    **This the** *28* **day of** *July*, 2014 .

                                  *Meredith H. Thomas*

                                Clerk of Court



**DEBORAH C. BENEFIELD**
CHIEF JUDGE
CLAYTON COUNTY SUPERIOR COURT

9151 TARA BOULEVARD
SUITE 4JC202
JONESBORO, GEORGIA 30236
(770) 477-3436 (PHONE)
(770) 477-3465 (FAX)

July 29, 2014

Delicia T. Washington
12032 Red Ivy Lane
Fayetteville, GA 30215

Bank of America
c/o Registered Agent: CT Corporation System/Shakinah Edwards
1201 Peachtree Street, NE
Atlanta,, GA 30361

Bank of America, N.A.
401 N. Tryon Street
NC1-021-02-20
Charlotte, NC 28255

Re: *Delicia T. Williamson v. Bank of America, N.A., 2014CV03194-6*

To the Parties:

Please see the enclosed copy of the order entered by Judge John C. Carbo in above-referenced case.

Sincerely,

Glenda Hasty, Secretary to
**Judge Deborah C. Benefield**

Enclosure (Order of 7/29/14)
cc:   Clerk's File

## IN THE SUPERIOR COURT OF CLAYTON COUNTY

COPY

## STATE OF GEORGIA

DELICIA T. WILLIAMSON,            )
                                  )     CASE NO.  2014CV03194-6
            Plaintiff,            )
                                  )
vs.                               )
                                  )
BANK OF AMERICA, N.A.,            )
                                  )
            Defendant.            )

## ORDER

The above-styled matter was presented to this Court pursuant to Plaintiff's Verified Complaint for Emergency Temporary and Permanent Injunctive Relief.

After review of the verified pleadings presented, Plaintiff's request for a temporary *ex parte* injunction is hereby **DENIED**.  A temporary restraining order may be granted without written or oral notice to the adverse party or his attorney only if it appears from affidavits or verified complaint that immediate and irreparable injury, loss or damage will result before the adverse party can be heard in opposition or the applicant's counsel certifies in writing to the efforts which have been made to give notice and the reasons supporting the party's claim that notice should not be required.  O.C.G.A. §9-11-65(b)  An *ex parte* temporary restraining order is a harsh remedy and statutes authorizing such a remedy must be strictly construed.  United Food & Commercial Workers Union v. Amberjack Ltd., 253 Ga. 438, 321 S.E.2d 736 (1984).

For good cause shown, the Court finds Plaintiff has failed to meet the statutory requirements.

**SO ORDERED** this _____ 29 _____ day of _____ July _____, 2014.

_____
Chief Judge John C. Carbo, III, State Court
Sitting by designation for
Chief Judge Deborah Benefield

IN THE SUPERIOR COURT OF CLAYTON COUNTY
STATE OF GEORGIA

DELICIA T. WILLIAMSON                  :

                                                            CASE ACTION NUMBER
        Plaintiff                            :               2014CV03194-6

    vs.

BANK OF AMERICA, N.A.               :

        Defendant                        :


## MOTION FOR EMERGENCY TEMPORARY INJUNCTION RELIEF

**COMES NOW, Plaintiff, DELICIA T. WILLIAMSON** and hereby files this
MOTION pursuant to Plaintiff's Compliant for Damages for Wrongful Foreclosure
which also sought Emergency Injunctive Relief showing the following:

This is a motion for temporary injunctive relief which is brought pursuant to and
on an emergency basis without notice pursuant to O .G.C.A. § 9-11-65(b) and O.G.C.A. §
9-11-65(e)(1) and (2) which provides that a temporary restraining order may be granted
without oral or written notice to the adverse party if it clearly appears from the specific
facts shown by verified complaint that immediate and irreparable injury, loss, or damage
will result to the applicant before the adverse party or his attorney can be heard in
opposition, and that the applicant's attorney certifies to the court in writing, the efforts, if
any, which have been made to give the notice and the reasons supporting the party's
claim that notice should not be required. Plaintiff seeks an Emergency Injunction against
the scheduled August 05, 2014 foreclosure sale of her family home.

Plaintiff brings to the Court's attention that previously, on **March 11, 2011**, CAF
# 2011CV00920-09, Plaintiff Delicia Williamson filed suit in the Superior Court Of
Clayton County, Georgia, in which she asserted claims against the same Defendant Bank

- 1 -

of America, N .A. for wrongful foreclosure. Plaintiff, after a Removal was initiated by Defendant Bank of America, N .A., informed the District Court in her response to that court, that the Superior Court of Clayton County had ruled on the motion for TRO prior to the removal of the action.

Upon further inquiry, the District Court learned that Superior Court Judge Geronda Carter entered an Order on **April 01, 2011**, enjoining Bank of America from foreclosing. Plaintiff asserts that the reasoning that the Superior Court Granting her request for Emergency Injunctive Relief on **April 01, 2011** is no different then, as it is now in 2014, except that Plaintiff seeks an Emergency Injunction against the scheduled **August 05, 2014 foreclosure sale of her family home for the reasons as claimed in her Complaint.**

Plaintiff, on July 28, 2014 filed Plaintiff's Verified Complaint for Damages for Wrongful Foreclosure against Defendant Bank of America, N .A., which also included and sought injunctive relief as is set forth more fully herein below. The Court have previously acknowledged Plaintiff's Complaint, as indicated by the Court's previous ruling relative to this Court denying Plaintiff's request for ex parte injunctive relief.

The Plaintiff believes that the specific facts set forth in Plaintiff's Verified Complaint demonstrate that unless a temporary injunction against the sale under power scheduled for the first Tuesday in August 2014 is not granted, Plaintiff will suffer the irreparable injury, loss, and damage of the loss of her home and imminent danger of eviction there from and unjustly thrown into the streets. Plaintiff and her family would be unduly and unfairly subjected to extreme mental and unnecessary financial hardships. The requisite certification pursuant to O.G.C.A. § 9-11-65(b) (2) was set forth following the Verification of this Complaint by the Plaintiff.

The home of the Plaintiff and her family and the Real Property in need of the Court's protection being under a "second time" unlawful and unjust attack subject to

- 2 -

wrongful foreclosure proceedings and sale thereof is located and known as **12032 Red Ivy Lane Fayetteville, Georgia 30215 Clayton County**.

On July 29, 2014, this Superior Court denied Plaintiff's request for injunctive relief. After review of the Court's July 29, 2014 Order, attached hereto, which expressed Plaintiff's request for ex parte injunction is hereby Denied supposedly where the Court Order further stated that for good cause shown, the Plaintiff has failed to meet the statutory requirements.

However, the Court's July 29, 2014 Order denying Plaintiff injunctive relief did not provide any specific statutory requirements that the Plaintiff actually failed to meet. Nor did the Court's July 29, 2014 Order state that Plaintiff would be afforded subsequent opportunity to submit and file for injunctive relief in this action.

The Court's July 29, 2014 Order *Cited United Food & Commercial Workers Union v. Amberjack Ltd.* 253 Ga. 438, 321 S.E.2d 736 (1984) as the supporting authority in determining its decision. In *United Food*, which was a case where the Superior Court, Dougherty County, Asa D. Kelley, Jr., J., denied motion to dissolve temporary restraining order. In *United Food*, Appellees filed a suit seeking to enjoin the picketing of its premises by members of the appellant union. Upon doing so, appellees' counsel submitted to the trial court a proposed temporary restraining order without having given notice to the adverse party or showing by affidavit or otherwise why notice should not be given as required by O.C.G.A. § 9–11–65.

However, Plaintiff did provide notice to Defendant Bank that Plaintiff sought Injunctive Relief. And, because the manner in which Plaintiff learned about the foreclosure sale of her home and the scheduled August 05, 2014 sale date, Plaintiff requesting Emergency Injunctive Relief is reasonable and warranted.

Moreover, Plaintiff, after review of the citation of authority relied upon by the Court, the Court's July 29, 2014 Order appears to have been based upon a legally

- 3 -

misplaced and irrelevant set of facts which are completely opposite to the actual circumstances which Plaintiff seeks an Injunction against the scheduled August 05, 2014 foreclosure sale. Plaintiff is not seeking to dissolve temporary restraining order, but to establish injunctive relief.

On July 28, 2014, Plaintiff forwarded the Complaint and Summons to Defendant Bank of America, by certified mail. An Acknowledge of Service, and a Notice of Lawsuit, inclusive of Requesting Injunctive Relief, Requesting for Waiver of Service of Summons, attached thereto, was also forwarded with the Complaint that informed the Defendant that this is not a formal summons or notification from the court, but rather my request pursuant to **O.C.G.A. § 9-11-4 (d) et seq,** that the Defendant's Registered Agent sign and return the enclosed Waiver of Service, i.e., the Acknowledge of Service in order to save the cost of serving the Defendant with a judicial summons and an additional copy of the complaint.

**Bank of America, N.A., Defendant**, is a Corporate Business and a Member of the FDIC that conducts and continues banking business in the State of Georgia. Defendant Bank of America, N.A. is also designated as Foreclosing Creditor of the Plaintiff.  Bank of America, N.A. Principal Office Address is 401 N. TRYON ST, NC1-021-02-20, CHARLOTTE, N.C. 28255-000.  Bank of America was served with Plaintiff's Complaint  by certified mail. An Acknowledge of Service, and a Notice of Lawsuit, Requesting for Waiver of Service of Summons was also forwarded to the Defendant at the following address per Secretary of State of Georgia:

**Bank of America Registered Agent:**
**Agent Name: C.T. CORPORATION SYSTEM/SHAKINAH EDWARDS**
**Office Address:** 1201 Peachtree Street, N.E., ATLANTA GA 30361
**Agent County:** FULTON.

- 4 -

Plaintiff forwarded to the Defendant an Acknowledge of Service along with the Notice of Lawsuit which informed the Defendant of the fact that Plaintiff also sought an Injunction to the August 05, 2014 foreclosure sale of her home, and that the cost of service will be avoided if the Plaintiff receive a signed copy of the waiver, i.e., the Acknowledge of Service within **30 days** *(or 60 days if located outside any judicial district of the United States)* after the date designated below as the date on which this Notice of Lawsuit and Request for Waiver of Service of Summons is sent.

The Plaintiff's Notice of Lawsuit additionally informed the Defendant that if the Defendant comply with this request and return the signed Waiver of Service, i.e., the Acknowledge of Service, will be filed with the court and no summons will be served on you. The action will then proceed as if you had been served on the date the waiver is filed except that you will not be obligated to answer or otherwise respond to the complaint within 60 days from the date designated below as the date on which this notice is sent.

Plaintiff shows the Court that the Notice of Lawsuit and the Acknowledge of Service was in fact forwarded to and received by Defendant on July 30, 2014. See attached U.S. Postal "Return Receipt" and "confirmation of delivery". Plaintiff in addition to the certified mailing of the Complaint, the Notice of Lawsuit along with the Acknowledge of Service, on July 29, 2014, Plaintiff contacted Defendant's Registered Agent by telephone to verify that the Defendant did in fact receive Plaintiff's Complaint, Notice of Lawsuit and the Acknowledgement of Service.

On July 30, 2014, Plaintiff was informed by Defendant's Registered Agent that Plaintiff's Complaint, Notice of Lawsuit and the Acknowledge of Service was received, however, because their customary manner of Service of Process is usually by a "process server", the Registered Agent stated that she, presumably SHAKINAH EDWARDS, would not acknowledge, comply with or respond to Plaintiff's Notice of Lawsuit, Waiver of Service nor the Acknowledgement of Service.

- 5 -

The thirty day period of time having not yet expired, where upon such expiration Plaintiff will proceed to execute Service of Process by process servicer, and bring to the Court's attention that the Defendant having exhibited a most non cooperative attitude and demeanor toward this action, Plaintiff believes that such conduct by the Defendant's agent exemplifies the present and urgent need for the Court's protection of Plaintiff's home, her family of small children and her real property.

Plaintiff has a clear legal right to seek temporary and even permanent injunctive relief as Plaintiff along with her family resides in the Property. Plaintiff's home is under an unjustified attack by the Defendants. The Defendants are seeking, through illegal and unlawful means and without satisfying the necessary legal standing requirements to institute a foreclosure sale, take possession, custody, and control of the Plaintiff's Property, which if not abated, would ultimately remove the Plaintiff from her home and very likely attempt to seek a deficiency judgment against Plaintiff. This would certainly cause tremendous detrimental financial hardship upon the Plaintiff and her family of small children.

The specific facts set forth in Plaintiff's Verified Complaint demonstrate that unless a temporary injunction against the sale under power scheduled for the first Tuesday in August 2014 is not granted, Plaintiff will suffer the irreparable injury, loss, measured by the injury and damage resulting in the loss of her home and eviction there from. The requisite certification pursuant to O.G.C.A. § 9-11-65(b) (2) is set forth following the Verification of this Complaint by the Plaintiff.

The granting of the relief requested herein is in the public interest. The consuming public, including Plaintiff, will continue to be harmed by the illegal and unlawful conduct of the Defendant if the relief requested and prayed for herein is not granted, whereby the lives of the Plaintiff and her family, as well as local property values will be adversely affected by the actions of Defendants, if not prohibited by the power of the Courts.

- 6 -

The Defendant, Bank of America, as when in 2011, the Bank attempted another illegal foreclosure sale, where the Bank, as now in 2014, has no legal standing or legal authority or right to even institute the foreclosure or as now, maintain a foreclosure sale of the Plaintiff's Property. Under such circumstances, there is no harm to said Defendant with the granting of the requested relief, and any claimed harm is substantially outweighed by the irreparable harm to the Plaintiff and her family if the injunctive relief requested herein is not granted. Plaintiff also has substantial equity in the property which will be subject to undue loss.

Under the circumstances where there is no harm to Defendant Bank, with the granting of the requested relief where the Clayton County Superior Granted Injunctive Relief, where no was required as a prerequisite to the granting of the relief requested herein as there are no costs or other damages which could be contemplated on the part of Defendant with the granting of the requested relief for which a bond would otherwise be necessary.

**WHEREFORE**, Plaintiff, Delicia T. Williamson Demands and Prays for INJUNCTIVE RELIEF in the form where this Court issues an appropriate **JUDGMENT and ORDER** granting Plaintiff the Injunctive Relief against the sale under power scheduled for the first **Tuesday in August 2014** concerning the real property known as **12032 Red Ivy Lane Fayetteville, Georgia 30215-6648** and subsequently upon good cause and evidence to grant Plaintiff forth coming prayers for Permanent Injunctive Relief.

This $\frac{3}{}1^{5+}$ of **July 31, 2014**.

**Delicia T. Williamson**
**Plaintiff-pro-se**

**12032 Red Ivy Lane.**
**Fayetteville, Georgia 30215-6648**
**Ph. #: (H) 770-719-0473**

## IN THE SUPERIOR COURT OF CLAYTON COUNTY

## STATE OF GEORGIA

DELICIA T. WILLIAMSON     :

    Plaintiff          :

**CASE ACTION NUMBER**
2014CV03194-6

vs.

**BANK OF AMERICA, N.A.**    :

    Defendant        :

---

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that I have this day served upon Defendant copy of the foregoing

<u>**MOTION FOR TEMPORARY INJUNCTION RELIEF**</u> Delivering same to via U.S.

Mail to:

**Bank of America Registered Agent:**
Agent Name: <u>C.T. CORPORATION SYSTEM/SHAKINAH EDWARDS</u>
Office Address: 1201 Peachtree Street, N.E., ATLANTA GA 30361

**Bank of America, N.A.**
401 N. TRYON ST, NC1-021-02-20,
CHARLOTTE, N.C. 28255-000

This ___31ˢᵗ___ of July, 2014.

                                  **Delicia T. Williamson**
                                  **Plaintiff-pro-se**

**12032 Red Ivy Lane.**
**Fayetteville, Georgia 30215-6648**
**Ph. #: (H) 770-719-0473**

p.1

Exhibit A

FILED
CLAYTON CO., GA

2011 APR -1  PM 2: 53

IN THE SUPERIOR COURT OF CLAYTON COUNTY
STATE OF GEORGIA

DELICIA T. WILLIAMSON,
    Plaintiff,

                                Civil Action No. 2011-CV-00920-9

v.

BANK OF AMERICA, N.A.,
    Defendant.

---

## ORDER ON MOTION FOR TEMPORARY INJUNCTION RELIEF

The above-styled case comes before the Court on the Plaintiff's *Motion For Temporary Injunction Relief*, filed March 30, 2011. After reviewing and considering the evidence and pleadings, the Court hereby FINDS and ORDERS:

The Plaintiff filed her current motion on or about March 30, 2011. The file was received by the Court on March 31, 2011. The Plaintiff's motion is filed pursuant to O.C.G.A. § 9-11-65 and requests relief in spite of the lack of notice to the opposing party. The Court is unable to locate the Plaintiff's Verification for the current motion.

The Court notes that its March 16, 2011, *Order on Emergency Motion* denied the Plaintiff's initial *Complaint for Damages for Wrongful Foreclosure and Verified Complaint for Emergency Injunctive Relief*, filed March 11, 2011, based on the Plaintiff's failure to perfect or provide proof of attempts of service on the Defendant. However, the Plaintiff's current motion alleges that the Plaintiff is attempting to obtain an acknowledgement of service from the Defendant. The motion also alleges that irreparable harm will occur to her on the "first Tuesday in April 2011".

The Court finds that it appears from the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or his attorney can be heard in opposition. However, because the Defendant has not yet been properly served with the

p 2

above-styled action, it is incumbent on the Plaintiff to ensure that the appropriate parties are served proper notice of this Order and hearing date.

IT IS HEREBY ORDERED THAT from the date of entry of this order and until the 30th day after its entry, unless sooner dissolved by this Court, the Defendant, Bank Of America, N.A., the Defendant's agents, servants, and anyone in active concert or participation with the Defendant who receives notice of the Order by personal service or otherwise, are hereby enjoined and restrained from proceeding with the foreclosure sale of the subject property located at 12032 Red Ivy Lane, Fayetteville, GA, 30215, Clayton County, which may be currently scheduled for April 5, 2011, based on the Plaintiff's allegations.

Further, IT IS HEREBY ORDERED that the Parties shall appear before the Honorable Geronda V. Carter in the Superior Court of Clayton County on the 4th day of _May_ 2011, at _1:30 PM_ in Courtroom 405 to show cause as to why Plaintiff's *Declaratory and Injunctive Relief Complaint* should not be granted.

IT IS SO ORDERED this _31st_ day of March, 2011, at _1:00_ p.m.

_____
GERONDA V. CARTER, JUDGE
CLAYTON JUDICIAL CIRCUIT

FILED
CLAYTON CO., GA
2011 APR -1  PM 2: 53



2 of 2
2011-CV-00920-9

# IN THE SUPERIOR COURT OF CLAYTON COUNTY
## STATE OF GEORGIA

**DELICIA T. WILLIAMSON**                    :

Plaintiff                    :

**CASE ACTION NUMBER**
**2014CV03194-6**

vs.

**BANK OF AMERICA, N.A.**                    :

Defendant                    :

Exhibit B



facts shown by verified complaint that immediate and irreparable injury, loss, or damage

## IN THE SUPERIOR COURT OF CLAYTON COUNTY
### STATE OF GEORGIA

**DELICIA T. WILLIAMSON**                                        :

        Plaintiff                                        :

**CASE ACTION NUMBER**
**2014CV03194-6**

        vs.

**BANK OF AMERICA, N.A.**                                        :

        Defendant                                        :

Exhibit C

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

CT CORPORATION System
BANK OF AMERICA Registered
Agent
1201 Peachtree St, N.E.
Atlanta, GA 30361

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____   ☐ Agent   ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery

D. Is delivery address different from item 1?   ☐ Yes
If YES, enter delivery address below:   ☐ No

3. Service Type
☑ Certified Mail®   ☐ Priority Mail Express™
☐ Registered   ☐ Return Receipt for Merchandise
☐ Insured Mail   ☐ Collect on Delivery

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
(Transfer from service label)       7013 2250 0001 8949 1347

PS Form 3811, July 2013          Domestic Return Receipt

---

UNITED STATES POSTAL SERVICE

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

° Sender: Please print your name, address, and ZIP+4® in this box°

Delicia Williamson
12032 Red Ivy Lane
Fayetteville, GA 30215

Rec 7/30/14

FILED
CLAYTON CO., GA

## IN THE SUPERIOR COURT OF CLAYTON COUNTY
## STATE OF GEORGIA

2014 AUG -5   AM 9: 20

JACQUELINE D. WILLS
CLERK SUPERIOR COURT

DELICIA T. WILLIAMSON,          )
    Plaintiff,                           )
                                            )     Civil Action No. **2014-CV-03194-9**
v.                                        )
                                            )
**BANK OF AMERICA, N.A.,**        )
    Defendant.                         )

CERTIFIED

---

### ORDER ON MOTION FOR EMERGENCY TEMPORARY INJUNCTION RELIEF

The above-styled case comes before the Court on the Plaintiff's *Motion For Emergency Temporary Injunction Relief,* filed August 1, 2014. After reviewing and considering the evidence and pleadings, the Court hereby FINDS and ORDERS:

The Plaintiff filed her current motion on or about August 1, 2014. The file was received and reviewed by the Court on August 4, 2014. The Plaintiff's motion is filed pursuant to O.C.G.A. § 9-11-65 and requests relief in spite of lack of service of process upon the opposing party. Additionally, the Court is unable to locate the Plaintiff's Verification for the motion.

The Court notes that the Plaintiff's current motion alleges that the Plaintiff is attempting to obtain an acknowledgement of service from the Defendant and will attempt service by process server. The motion also alleges that irreparable harm will occur to her on August 5, 2014.

The Court finds that it appears from the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or his attorney can be heard in opposition. However, because the Defendant has not yet been properly served with the above-styled action, **it is incumbent on the Plaintiff to ensure that the appropriate parties are served proper notice of this Order and hearing date**.

IT IS HEREBY ORDERED THAT from the date of entry of this order and until the 30th day after its entry, unless sooner dissolved by this Court, the Defendant, Bank Of America, N.A.,

the Defendant's agents, servants, and anyone in active concert or participation with the Defendant who receives notice of the Order by personal service or otherwise, are hereby enjoined and restrained from proceeding with the foreclosure sale of the subject property located at **12032 Red Ivy Lane, Fayetteville, GA, 30215, Clayton County,** which may be currently scheduled for August 5, 2014, based on the Plaintiff's allegations.

Further, IT IS HEREBY ORDERED that the Parties shall appear before the Honorable Geronda V. Carter in the Superior Court of Clayton County on the 3ʳᵈ day of September, 2014, at 11:00 a.m. in Courtroom 405 to show cause as to why Plaintiff's Complaint for Damages and Injunctive Relief should not be granted.

**IT IS SO ORDERED** this 4ᵗʰ day of August, 2014, at 4:32 p.m.

_____
**GERONDA V. CARTER, JUDGE**
CLAYTON JUDICIAL CIRCUIT

2014 AUG -5  AM 9:20
JACQULINE D. WILLS
CLERK SUPERIOR COURT
FILED
CLAYTON CO., GA

2 of 2
2014-CV-03194-9

I certify that this is a true copy of the original document.
JACQULINE D. WILLS
Clerk, Superior Court
Clayton County, Georgia
By: Gail L. Davis
Deputy Clerk